

**Phone (919) 645-1700**
**Fax (919) 645-1750**

Fred L. Borch III
Clerk of Court

# United States District Court
## Office of the Clerk
### PO Box 25670
### Raleigh, NC 27611

July 14, 2005

Federal District Court of Massachusetts
One Courthouse Way
Boston, Massachusetts 02210
Office of the Clerk

RE:  USA vs David Christopher Lebrun
File No: 5:04-CR-142-1-BO
Your File No: 4:05-cr-40029

To Whom it May Concern:

Enclosed are certified copies of the following documents in the above referenced case that are being sent to your district for disposition pursuant to 18:3605 - transfer of jurisdiction:

1. Indictment
2. Memorandum of Plea Agreement
3. Judgement and Commitment Order
4. Transfer of Jurisdiction
5. Docket Sheet

Please acknowledge receipt of these documents on the enclosed copy of this letter.

Sincerely,

Fred L. Borch III, Clerk

Michelle L. Gessner, Deputy Clerk

Enclosures

c:  U.S. Probation Office
    U.S. Attorney's Office
    U.S. District Judge Terrence W. Boyle



JUL 1 4 2005

FRED L. BORCH III, CLERK
US DISTRICT COURT

| Probation Form 22 (REV. MAR 05) | United States District Court Federal Probation System TRANSFER OF JURISDICTION | | DOCKET NUMBER (Transfer Court) 5:04-CR-142-1BO |
|---|---|---|---|
| | | | DOCKET NUMBER (Rec. Court) 4:05CR 40029 |

| NAME AND ADDRESS OF OFFENDER | DISTRICT EASTERN NORTH CAROLINA | DIVISION Western District |
|---|---|---|
| David Christopher Lebrun 8 Eastview Avenue Billerica, MA 01821 | NAME OF SENTENCING JUDGE Terrence W. Boyle | |
| | DATES OF SUPERVISION → | FROM 3/28/2005 | TO 3/27/2010 |

OFFENSE

Possession of a Firearm While Subject to a Domestic Restraining Order, 18 USC § 922(g)(8)

PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the offender named above be transferred with the records of this court to the United States District Court for the District of Massachusetts upon that court's order of acceptance of jurisdiction. This court hereby expressly consents that the period of supervision may be changed by the district court to which this transfer is made without further inquiry of this court.*

5-12-05
_____
Date

_____

* This sentence may be deleted in the discretion of the transferring court.

PART 2 ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETT

I certify the foregoing to be a true and correct copy of the original.
Fred L. Borch III, Clerk
United States District Court
Eastern District of North Carolina
by_____
Deputy Clerk

IT IS HEREBY ORDERED that jurisdiction over the above-named offender be accepted and assumed this court from and after the entry of this order.

June 6, 2005
_____
Effective date

William G. Young
_____
United States District Judge

30

BDK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. _5:04-CR-142-1D01_
No. _5:04-CR-142-2D01_

UNITED STATES OF AMERICA    )
                                  )
          v.                )    I N D I C T M E N T
                                  )
DAVID CHRISTOPHER LEBRUN   )
STEPHEN PAUL DINWIDDIE     )

The Grand Jury charges that:

## COUNT ONE

### A.  THE CONSPIRACY AND ITS OBJECTS

On or about October 29, 2003, in the Eastern District of North Carolina, DAVID CHRISTOPHER LEBRUN and STEPHEN PAUL DINWIDDIE, defendants herein, did knowingly and unlawfully combine, confederate, conspire and agree with one another to commit offenses against the United States, that is:

    To knowingly make false and fictitious statements in connection with the sale and acquisition of a firearm, specifically, a Marlin Model 336 .30-30 caliber rifle from Wal-Mart, a federally licensed dealer in firearms, in that defendant DINWIDDIE did execute written statements on Department of Treasury, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, which statements were likely to deceive Wal-Mart as to a fact material to the lawfulness of such sale and acquisition

of a firearm to defendant DINWIDDIE under Chapter 44 of
Title 18, in that defendant DINWIDDIE stated on said form
that defendant DINWIDDIE purchased the aforementioned
firearm for defendant DINWIDDIE's individual use, when in
truth and fact defendant DINWIDDIE transferred and
delivered said firearm to another person, defendant
LEBRUN, in violation of Title 18 United States Code,
Section 922(a)(6).

all in violation of Title 18, United States Code, Section 371.

### B.  MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that defendants would:
use defendant DINWIDDIE to purchase a firearm from a
federally licensed dealer, as defendant LEBRUN was
ineligible, and that upon receipt of the firearm from
Wal-Mart, defendant DINWIDDIE did relinquish possession
of the weapon to defendant LEBRUN.

### C.  OVERT ACTS

In furtherance of the conspiracy and to effect its objects,
DAVID CHRISTOPHER LEBRUN and STEPHEN PAUL DINWIDDIE, defendants
herein, committed acts, including but not limited to the following:

   a.   On October 29, 2003, LEBRUN entered the Dick's Sporting
        Goods in Garner, NC, and selected items to purchase,
        including a Marlin, Model 336A, .30-30 caliber rifle. He
        received a denial from the FBI National Instant Check
        System, and was denied the sale. LEBRUN told the clerk
        he'd have his brother get the gun for him from a Raleigh
        store.

2

b.    On October 29, 2003, DINWIDDIE entered the Wal-Mart store in Garner, NC, and purchased a Marlin, Model 336 .30-30 caliber rifle.  On the executed ATFE Form 4473, DINWIDDIE affirmed the rifle was for his individual use and that he was not buying the gun for an unauthorized person.

c.    On October 29, 2003, DINWIDDIE turned possession of the rifle over to LEBRUN, as LEBRUN re-entered the Dick's Store in Garner with the gun purchased at Wal-Mart by DINWIDDIE.

all in violation of Title 18, United States Code, Section 371.

COUNT TWO

On or about October 29, 2003, in the Eastern District of North Carolina, STEPHEN PAUL DINWIDDIE, defendant herein, did knowingly make false and fictitious statements in connection with the sale and acquisition of a firearm, specifically, a Marlin Model 336 .30-30 caliber rifle from Wal-Mart, a federally licensed dealer in firearms, in that defendant DINWIDDIE did execute written statements on Department of Treasury, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, which statements were likely to deceive Wal-Mart as to a fact material to the lawfulness of such sale and acquisition of a firearm to defendant DINWIDDIE under Chapter 44 of Title 18, in that defendant DINWIDDIE stated on said form that defendant DINWIDDIE purchased the aforementioned firearm for defendant DINWIDDIE's individual use, when in truth and fact defendant DINWIDDIE transferred and delivered said firearm to another person, defendant LEBRUN, in violation of Title 18, United States Code, Section 922(a)(6).

3

## COUNT THREE

On or about October 29, 2003, in the Eastern District of North Carolina, DAVID CHRISTOPHER LEBRUN, did knowingly make false and fictitious statements in connection with the attempted acquisition of a firearm, specifically, a Marlin Model 336 .30-30 caliber rifle from Dick's Sporting Goods, a federally licensed dealer in firearms, in that defendant LEBRUN did execute written statements on Department of Treasury, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, which statements were likely to deceive Dick's as to a fact material to the lawfulness of such sale and acquisition of a firearm under Chapter 44 of Title 18, in that defendant LEBRUN stated on said form that LEBRUN had never been convicted of a felony, when in truth and fact defendant LEBRUN had been previously convicted of a felony, and in that defendant LEBRUN stated on said form that LEBRUN was not subject to a restraining order, when in truth and fact he was subject to a restraining order, in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT FOUR

On or about October 29, 2003, in the Eastern District of North Carolina, DAVID CHRISTOPHER LEBRUN, defendant herein and one who is subject to a restraining order as described in Title 18, United States Code, Section 922(g)(8), knowingly possessed, in and affecting commerce, a firearm, to wit: a Marlin Model 336 .30-30

4

caliber rifle and ammunition, in violation of Title 18, United States Code, Section 922(g)(8).

### COUNT FIVE

On or about October 29, 2003, in the Eastern District of North Carolina, DAVID CHRISTOPHER LEBRUN, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm, to wit: a Marlin Model 336 .30-30 caliber rifle and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

### COUNT SIX

On or about October 29, 2003, in the Eastern District of North Carolina, STEPHEN PAUL DINWIDDIE, defendant herein, knowingly and unlawfully sold or otherwise disposed of a firearm to DAVID CHRISTOPHER LEBRUN, knowing or having reasonable cause to believe LEBRUN was subject to a restraining order as described in Title 18

,United States Code, Section 922(d)(8), in violation of Title 18,

United States Code, Section 922(d)(8).

A TRUE BILL

_____
FOREPERSON

_____
DATE

FRANK D. WHITNEY
United States Attorney

_____
BY: BARBARA D. KOCHER
Assistant United States Attorney

6

I certify the foregoing to be a true and correct
copy of the original.
Fred L. Borch III, Clerk
United States District Court
Eastern District of North Carolina
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-142-1-BO

FILED IN OPEN COURT
ON 8/30/04
Clerk
US District Court
Eastern District of NC

UNITED STATES OF AMERICA        )
                                )
        v.                      )        MEMORANDUM OF PLEA AGREEMENT
                                )
DAVID CHRISTOPHER LEBRUN        )


        The United States of America (United States) by and through

the United States Attorney for the Eastern District of North

Carolina (USA-EDNC), and the Defendant, with the concurrence of the

Defendant's attorney, Bridgett Britt Aguirre, have agreed that the

above-captioned case should be concluded in accordance with this

Memorandum of Plea Agreement as follows:

        1.    This Memorandum constitutes the full and complete record

of the Plea Agreement.   There are no other agreements between the

parties in addition to or different from the terms herein.

        2.    The Defendant agrees:

                a.    To plead guilty to Count Four of the Indictment

                      herein, which charges that, while subject to a

                      qualified domestic restraining order, he knowingly

                      possessed, in and affecting commerce, a firearm, in

                      violation of Title 18, United States Code, Section

                      922(g)(8).

                b.    To make restitution to any victim, in whatever

                      amount the Court may order, pursuant to 18 U.S.C.

cys. dist.

§§ 3663 and 3663A.  Said restitution shall be due and payable immediately.

c.  To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.  The foregoing appeal waiver does not constitute or trigger a waiver by the Government of any of its rights to appeal provided by law.

d.  To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure.  This waiver includes, but is not

2

limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e.  To assist the United States in the recovery, return to the United States, seizure, and forfeiture of any assets, domestic or foreign, which have been acquired directly or indirectly through unlawful activities, and to forfeit voluntarily to the United States all such assets in which the Defendant has any interest or control, either indirect or direct.

f.  To pay a special assessment of $100.00 for each count, pursuant to the provisions of 18 U.S.C. § 3013. If the assessment is not paid by the time of sentencing, the Defendant agrees (1) that the assessment is payable in full immediately, and (2) to participate in the Inmate Financial Responsibility Program while incarcerated.

g.  To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

3.    The Defendant understands:

      a.    That as to the Indictment to which the Defendant is

          pleading guilty, the charge, code sections,

          elements, and applicable penalties are as follows:

          (1)    While subject to a qualifying domestic
              restraint order, defendant knowingly possessed
              a firearm on October 29, 2003.

          (2)    Code section violated: 18 U.S.C. § 922(g)(8).

          (3)    Elements:

              <u>First</u>:    That on October 29, 2003, the
                        defendant knowingly possessed a
                        firearm;

              <u>Second</u>:    That at the time the defendant
                        possessed the firearm, he was
                        subject to a domestic restraining
                        order as described in 18 U.S.C §
                        922(g)(8);

              <u>Third</u>:    That the possession of the firearm
                        was in or affecting interstate
                        commerce.

          (4)    Maximum term of imprisonment:  10 years

          (5)    Minimum term of imprisonment:  none

          (6)    Maximum term of supervised release: 3 years.

          (7)    Maximum term of imprisonment upon
              revocation of supervised release:  2 years.

          (8)    Maximum fine:  $250,000

          (9)    Restitution pursuant to 18 U.S.C. §§ 3663 and
              3663A, and as agreed to in Paragraph 2.b. above.

          (10) Special assessment:  $100.

4

b. That sentencing will be in accordance with the United States Sentencing Guidelines, that any sentence imposed will be without parole, and that the Court may depart from those guidelines under some circumstances.

c. That the Court is not bound by any sentence recommendation or agreement as to Guideline application, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

d. That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4. The United States agrees:

a. That it will dismiss Counts One, Three and Five of the Indictment as to this defendant.

b. That it reserves the right to make a sentence recommendation.

c. That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C.

5

§ 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions filed by the Defendant.

d.   That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Indictment. However, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

e.   That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.

f.   Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by the §1B1.8 and except as stated in this Agreement. The United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

g.   That the USA-EDNC agrees not to use any information provided by the Defendant pursuant to this

6

Agreement to prosecute the Defendant for additional crimes, except for crimes of violence, and not to share any information provided by the Defendant pursuant to this agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this agreement.

5. The parties agree to the following positions as to sentencing factors, which are not binding on the Court; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to this factor:

1) Defendant committed this offense subsequent to sustaining one felony conviction of a crime of violence. U.S.S.G. § 2K2.1(a)(4).

7

2)   A downward adjustment of three points for acceptance of
     responsibility is warranted under U.S.S.G. §3E1.1.

This the 25th day of _Aug_____, 2004.

FRANK D. WHITNEY                          _____
United States Attorney                    DAVID CHRISTOPHER LEBRUN

BY: _____              _____
     BARBARA D. KOCHER                    BRIDGETT BRITT AGUIRRE
     Assistant U.S. Attorney             Attorney for Defendant
     Criminal Division

APPROVED, this ___30___ day of _August__, 2004.

_____
UNITED STATES DISTRICT JUDGE

8

I certify the foregoing to be a true and correct
copy of the original.
Fred L. Borch III, Clerk
United States District Court
Eastern District of North Carolina
By_____
              Deputy Clerk

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Eastern District of North Carolina - Western Division

UNITED STATES OF AMERICA

v.

**DAVID CHRISTOPHER LEBRUN**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number:  **5:04CR00142-001**

**BRIDGETT AGUIRRE**

Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s)   **4 - INDICTMENT**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922 (g)(8) | Possession of a Firearm While Subject to a Domestic Restraining Order | 10/29/2003 | 4 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) **1, 3 and 5 - INDICTMENT** _____     are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's USM No.:   **24549-056**

Defendant's Residence Address:

_____

**Raleigh**                              **NC**

Defendant's Mailing Address:

_____

**Raleigh**                              **NC**

**03/28/2005**

Date of Imposition of Judgment

_(signature)_

Signature of Judicial Officer

**U.S. DISTRICT JUDGE**

**TERRENCE W. BOYLE**

Name & Title of Judicial Officer

**3-28-05**

Date

I certify the foregoing to be a true and correct copy of the original.
Fred L. Borch III, Clerk
United States District Court
Eastern District of North Carolina
By _____
Deputy Clerk

D18f

AO 245B (Rev. 3/95) Sheet 4 - Probation

Judgment-Page __2__ of __5__

DEFENDANT:      **DAVID CHRISTOPHER LEBRUN**

CASE NUMBER:    **5:04CR00142-001**

# PROBATION

The defendant is hereby placed on probation for a term of _____ **5** _____ **year(s)**

Count 4 - (5) years

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).
**See Special Conditions of Supervision - Page    3**

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/95) Sheet 4 - Probation

Judgment-Page __3__ of __5__

DEFENDANT:     DAVID CHRISTOPHER LEBRUN
CASE NUMBER:     5:04CR00142-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addition, drug dependancy, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 180 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for electronic monitoring services as directed by the probation officer.

The defendant shall perform 100 hours of community service during Probation as directed by the probation office and if referred for placement and monitoring by the State of North Carolina, pay the required $200.00 fee.

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page  4  of  5

DEFENDANT:     DAVID CHRISTOPHER LEBRUN
CASE NUMBER:   5:04CR00142-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|            | Assessment | Fine     | Restitution |
|------------|-----------|----------|-------------|
| Totals:    | $ 100.00  | $ 1,000.00 | $         |

[ ] If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [X] The interest requirement is waived.

  [ ] The interest requirement is modified as follows:

## RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-------------------------|-------------------------------|------------------------------------------|
|               |                         |                               |                                          |

| | | Totals: | $ _____ | $ _____ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __5__ of __5__

DEFENDANT:     **DAVID CHRISTOPHER LEBRUN**

CASE NUMBER:     **5:04CR00142-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  See special instructions below

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than  _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The special assessment fee of $100.00 shall be due immediately.**
**Payment of the total fine shall be due immediately.**

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments are to be made to the Clerk, U.S. District Court, Attn: Financial Unit, Post Office Box 25670, Raleigh, NC 27611, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

```
                                                    DEV
                    U.S. District Court
        Eastern District of North Carolina (Raleigh)

        CRIMINAL DOCKET FOR CASE #: 04-CR-142-ALL
```

USA v. Lebrun, et al                        Filed: 04/29/04
Dkt# in other court: None

Case Assigned to:  Judge Terrence W. Boyle

```
DAVID CHRISTOPHER LEBRUN (1)      Bridgett Britt Aguirre
      defendant                    [term  03/28/05]
   [term  03/28/05]                [COR LD NTC cja]
                                   Aguirre Law Firm
                                   aguirrelaw@aol.com
                                   P.O. Box 1167
                                   Fuquay-Varina, NC 27526
                                   919-557-0211
                                   FTS 557-0998

                                   David Christopher Lebrun
                                    [term  03/28/05]
                                   103 Fairside Court
                                   Garner, NC 27529
```

Pending Counts:                       Disposition

18:922(g)(8) Possession of a       Defendant sentenced on count 4
firearm by a prohibited person     of indictment to 5 yrs
(4)                                probation w/ special conditions
                                   including home detention w/
                                   electronic monitoring for no
                                   more than 180 days and 100 hrs
                                   of community service and deft
                                   pay fee, special assessment
                                   $100 and fine $1000.00, no
                                   restitution,
                                   (4)

Offense Level (opening): 4

Terminated Counts:                    Disposition

18:371 Conspiracy to make          Counts 1, 3 and 5 dismissed on
false statements                   motion by government
(1)                                (1)

18:922(a)(6) Making False          Counts 1, 3 and 5 dismissed on
Statements                         motion by government
(3)                                (3)

Docket as of July 14, 2005 4:41 pm              Page 1

I certify the foregoing to be a true and correct
copy of the original.
Fred L. Borch III, Clerk
United States District Court
Eastern District of North Carolina
By _____
                    Deputy Clerk

```
Proceedings include all events.
5:04cr142-ALL USA v. Lebrun, et al
                                                                    DEV

18:922(g)(1) Possession of a        Counts 1, 3 and 5 dismissed on
firearm by felon                    motion by government
(5)                                 (5)


Offense Level (disposition): 4




Complaints:

    NONE


=======================

Case Assigned to:  Judge Terrence W. Boyle

STEPHEN PAUL DINWIDDIE (2)          Stephen Paul Dinwiddie
      defendant                     447 Guilford Circle
                                    Raleigh, NC 27600

                                    Gale M. Adams
                                    [COR LD NTC pda]
                                    Federal Public Defenders Office
                                    Gale_Adams@fd.org
                                    P. O. Box 690
                                    Fayetteville, NC 28302
                                    910-484-0179
                                    FTS 484-6496


Pending Counts:                         Disposition

18:371 Conspiracy to make
false statements
(1)

18:922(a)(6) - Making false
statements
(2)

18:922(d)(8) - Transfer of a
firearm by a prohibited person
(6)


Offense Level (opening): 4


Terminated Counts:


Docket as of July 14, 2005 4:41 pm              Page 2
```

```
Proceedings include all events.
5:04cr142-ALL USA v. Lebrun, et al
```
                                                                    DEV

```
     NONE
```


Complaints:

```
     NONE
```

U. S. Attorneys:

```
     Barbara D. Kocher
     [NTC]
     U.S. Attorney's Office
     Barb.Kocher@usdoj.gov
     310 New Bern Ave.
     Suite 800
     Raleigh, NC 27601
     919-856-4530
     FTS 856-4487
```

Proceedings include all events.
5:04cr142-ALL USA v. Lebrun, et al

                                                                    DEV
4/29/04    1    INDICTMENT as to David Christopher Lebrun (1) count(s) 1,
                3, 4, 5, Stephen Paul Dinwiddie (2) count(s) 1, 2, 6 cys
                dist (jh) [Entry date 05/03/04]

4/30/04    --   Request for Warrant as to David Christopher Lebrun, Stephen
                Paul Dinwiddie by USA rec: dtn (jh) [Entry date 05/03/04]

5/3/04     2    Arrest WARRANT issued as to David Christopher Lebrun orig.
                and cy: USM w/copy of indictment c: USA (jh)
                [Entry date 05/03/04]

5/3/04     3    Arrest WARRANT issued as to Stephen Paul Dinwiddie orig and
                c: USM w/cy of indictment c: USA (jh) [Entry date 05/03/04]

5/6/04     --   ARREST of Stephen Paul Dinwiddie (sp) [Entry date 05/06/04]

5/6/04     --   CJA 23 FINANCIAL AFFIDAVIT by Stephen Paul Dinwiddie (sp)
                [Entry date 05/06/04]

5/6/04     4    ORDER Appointing Federal Public Defender for Stephen Paul
                Dinwiddie served (sp) [Entry date 05/06/04]

5/6/04     --   Initial appearance as to Stephen Paul Dinwiddie  held in
                Raleigh before USMJ James C. Dever III. . Court Reporter:
                recorded Presiding Judge: USMJ Dever.  Court appoints FPD.
                Gvt does not move for dtn. Dft advised of rights, charges
                and max punishments.  Dft released on conditions (sp)
                [Entry date 05/06/04]

5/6/04     5    ORDER Setting Conditions of Release as to Stephen Paul
                Dinwiddie  ( Signed by USMJ Dever ) served (sp)
                [Entry date 05/06/04]

5/10/04    --   ARREST of David Christopher Lebrun (sp)
                [Entry date 05/10/04]

5/10/04    --   CJA 23 FINANCIAL AFFIDAVIT by David Christopher Lebrun (sp)
                [Entry date 05/10/04]

5/10/04    6    ORDER Appointing Federal Public Defender for David
                Christopher Lebrun served (sp) [Entry date 05/10/04]

5/10/04    --   Initial appearance as to David Christopher Lebrun  held in
                Raleigh before USMJ James C. Dever III. . Court Reporter:
                CD#17 Presiding Judge: USMJ Dever.  Court appoints FPD. Gvt
                does not move for dtn.  Dft advised of rights, charges and
                max punishments.  Dft released on conditions (sp)
                [Entry date 05/10/04]

5/10/04    7    ORDER Setting Conditions of Release as to David Christopher
                Lebrun  ( Signed by USMJ Dever ) served (sp)
                [Entry date 05/10/04]

Proceedings include all events.
5:04cr142-ALL USA v. Lebrun, et al

DEV

5/10/04   8      NOTICE of Appearance for Stephen Paul Dinwiddie by Attorney
                 Gale M. Adams  - cys. distr. (sr) [Entry date 05/10/04]

5/10/04   9      REQUEST FOR DISCOVERY AND FOR DISCLOSURE OF ALL EXCULPATORY
                 EVIDENCE AND INCORPORATED STATEMENT OF AUTHORITY by Stephen
                 P. Dinwiddie - 1c: Judge Boyle (sr) [Entry date 05/10/04]

5/10/04   --     Pre-trial Scheduling Report as to Stephen Paul Dinwiddie to
                 Magistrate Judge Dever (jm) [Entry date 05/10/04]

5/11/04   10     PRETRIAL SCHEDULING ORDER as to Stephen Paul Dinwiddie
                 setting deadlines: Attorney Conference by 9:00 5/21/04 for
                 Stephen Paul Dinwiddie ; Pretrial Motion Filing due by 5:00
                 5/31/04 for Stephen Paul Dinwiddie ; Response to Pretrial
                 Motions due by 5:00 6/15/04 for Stephen Paul Dinwiddie (
                 Signed by Mag/Judge Dever  OB Ref: Cys. dist.) (jm)
                 [Entry date 05/11/04]

5/12/04   11     Arrest WARRANT Returned Executed as to David Christopher
                 Lebrun on 5/10/04 (Daivd Mcaleer, ATF) (jh)
                 [Entry date 05/27/04]

5/12/04   12     NOTICE of Appearance for David Christopher Lebrun by
                 Attorney Bridgett Britt Aguirre cys dist (jh)
                 [Entry date 05/27/04]

5/12/04   13     REQUEST FOR DISCOVERY by David Christopher Lebrun w/cs c:
                 Judge Boyle (jh) [Entry date 05/27/04]

5/21/04   --     Pre-trial Scheduling Report as to David Christopher Lebrun
                 to Magistrate Judge Dever (jm) [Entry date 05/21/04]

5/21/04   14     PRETRIAL SCHEDULING ORDER as to David Christopher Lebrun
                 setting deadlines: Attorney Conference by 6/8/04 for David
                 Christopher Lebrun ; Pretrial Motion Filing due by 5:00
                 6/18/04 for David Christopher Lebrun ; Response to Pretrial
                 Motions due by 5:00 7/5/04 for David Christopher Lebrun (
                 Signed by Judge Dever  OB Ref: cys dist) (jh)
                 [Entry date 05/27/04]

6/21/04   15      arrest WARRANT Returned Executed as to Stephen Paul
                 Dinwiddie on 5/6/04 (jm) [Entry date 06/23/04]

6/22/04   16     MOTION by David Christopher Lebrun  to modify pretrial
                 release - 1c: Judge Boyle (jm) [Entry date 06/28/04]

6/24/04   17     MOTION by David Christopher Lebrun to Modify Conditions of
                 Release - 1c: Judge Boyle (jm) [Entry date 07/02/04]

6/24/04   18     ORDER as to David Christopher Lebrun granting [17-1] motion
                 to Modify Conditions of Release as to David Christopher
                 Lebrun (1) ( Signed by Chief Judge Boyle  OB Ref: Cys.
                 dist.) (jm) [Entry date 07/02/04]

Proceedings include all events.
5:04cr142-ALL USA v. Lebrun, et al

|         |    |                                                                                                 |
|---------|----|-------------------------------------------------------------------------------------------------|
|         |    | DEV |
| 6/30/04 | 19 | MOTION by David Christopher Lebrun to withdraw [19-1] motion to modify pretrial release to allow travel-lc: Judge Boyle (jm) [Entry date 07/02/04] |
| 7/2/04  | -- | Issued NOTICE TO APPEAR as to Stephen Paul Dinwiddie : set Arraignment and trial before Chief Judge Terrence W. Boyle for 10:00 7/12/04 for Stephen Paul Dinwiddie (jm) [Entry date 07/02/04] |
| 7/2/04  | -- | Issued NOTICE TO APPEAR as to David Christopher Lebrun : set Arraignment and trial before Chief Judge Terrence W. Boyle for 10:00 7/12/04 for David Christopher Lebrun, for Stephen Paul Dinwiddie (jm) [Entry date 07/02/04] |
| 7/6/04  | 22 | MOTION by Stephen Paul Dinwiddie of Continuance in Interests of Justicefrom the 7/12 session - c:Judge Boyle (ab) [Entry date 07/07/04] |
| 7/7/04  | 20 | MOTION by David Christopher Lebrun of Continuance in Interests of Justicefrom the 7/12 session -c: Judge Boyle (ab) [Entry date 07/07/04] |
| 7/7/04  | 21 | ORDER as to David Christopher Lebrun granting [19-1] motion to withdraw [19-1] motion to modify pretrial release to allow travel as to David Christopher Lebrun (1) ( Signed by Judge BOyle  OB Ref: cys dist.) (ab) [Entry date 07/07/04] |
| 7/12/04 | 23 | ORDER as to Stephen Paul Dinwiddie granting [22-1] motion of Continuance in Interests of Justice  Time Excluded from 7/12/04 to 8/30/04 as to Stephen Paul Dinwiddie (2) ( Signed by Judge Boyle  OB Ref: Cys. dist.) (jm) [Entry date 07/14/04] |
| 7/13/04 | 24 | ORDER as to David Christopher Lebrun granting [20-1] motion of Continuance in Interests of Justice  Time Excluded from 7/12/04 to 7/22/04 as to David Christopher Lebrun (1) ( Signed by Judge Boyle  OB Ref: Cys. dist.) (jm) [Entry date 07/14/04] |
| 7/14/04 | -- | Issued NOTICE TO APPEAR as to David Christopher Lebrun : Motion hearing  before Chief Judge Terrence W. Boyle  set for 9:00 7/22/04  as to: (jm) [Entry date 07/14/04] |
| 7/16/04 | 25 | MOTION by David Christopher Lebrun of Continuance in Interests of Justice of arraignment and trial scheduled for 7/22/04-lc: Judge Boyle (jm) [Entry date 07/19/04] |
| 7/22/04 | -- | Arraignment as to David Christopher Lebrun  held in Raleigh, NC before Chief Judge Terrence W. Boyle .  Court Reporter: Donna Tomawski David Christopher Lebrun (1) count(s) 1, 3, 4, 5 (jm) [Entry date 07/26/04] |

Proceedings include all events.
5:04cr142-ALL USA v. Lebrun, et al

                                                          DEV
7/22/04   --    NOT GUILTY PLEA entered by David Christopher Lebrun . Court
                accepts plea. Not Guilty: David Christopher Lebrun (1)
                count(s) 1, 3, 4, 5  (Terminated motions - ) (jm)
                [Entry date 07/26/04]

8/12/04   --    Issued NOTICE TO APPEAR as to Stephen Paul Dinwiddie :
                set Arraignment and trial  before Chief Judge Terrence W.
                Boyle for 9:30 8/30/04 for Stephen Paul Dinwiddie (jm)
                [Entry date 08/12/04]

8/12/04   --    Issued NOTICE TO APPEAR as to David Christopher Lebrun :
                set Arraignment and trial  before Chief Judge Terrence W.
                Boyle for 9:30 8/30/04 for David Christopher Lebrun (jm)
                [Entry date 08/12/04]

8/25/04   26    MOTION by USA  as to Stephen Paul Dinwiddie of Continuance
                in Interests of Justice-arraignment scheduled 8/30/04cps
                dist (mm) [Entry date 08/25/04]

8/30/04   --    Change of Plea Hearing as to David Christopher Lebrun  held
                in New Bern, NC - deft. sworn - deft. competent - Rule 11
                conducted  before Chief Judge Terrence W. Boyle .  Court
                Reporter: Donna Tomawski (jm) [Entry date 09/07/04]

8/30/04   27    MEMORANDUM of Plea Agreement as to David Christopher Lebrun
                Conditionally Approved - Cys. dist. (jm)
                [Entry date 09/07/04]

8/30/04   --    PLEA entered by David Christopher Lebrun - Govt. summarized
                evidence - Factual basis exists - Plea made freely & vol. .
                Court accepts plea. Guilty: David Christopher Lebrun (1)
                count(s) 4 (Terminated motions - [25-1] motion of
                Continuance in Interests of Justice of arraignment and
                trial scheduled for 7/22/04 as to David Christopher Lebrun
                (1), [16-1] motion to modify pretrial release as to David
                Christopher Lebrun (1) ) (jm) [Entry date 09/07/04]

8/30/04   --    MOTION in open court by USA as to David Christopher Lebrun
                to dismiss Cts. 1,3,5 of the Indictment a the time of
                sentencing (jm) [Entry date 09/07/04]

3/10/05   --    Issued NOTICE TO APPEAR as to David Christopher Lebrun :
                set Sentencing  before Judge Terrence W. Boyle  for 2:00
                3/28/05 in Raleigh for David Christopher Lebrun (mm)
                [Entry date 03/10/05]

3/28/05   --    PRESENTENCE INVESTIGATION REPORT (Sealed) as to David
                Christopher Lebrun (mm) [Entry date 03/30/05]

3/28/05   --    Sentencing  held in Raleigh, NC  before Judge Terrence W.
                Boyle . Court Reporter: Donna Tomawski  David Christopher
                Lebrun (1) count(s) 4 (mm) [Entry date 03/30/05]

Proceedings include all events.
5:04cr142-ALL USA v. Lebrun, et al

                                                           DEV
3/28/05   --     DISMISSAL of Count(s) on Government Motion as to David
                 Christopher Lebrun Terminated motions [0-0] oral motion to
                 dismiss Cts. 1,3,5 of the Indictment a the time of
                 sentencing as to David Christopher Lebrun (1)   Counts
                 Dismissed: David Christopher Lebrun (1) count(s) 1, 3, 5 (mm)
                 [Entry date 03/30/05]

3/28/05   28     JUDGMENT David Christopher Lebrun (1) count(s) 4.
                 Defendant sentenced on count 4 of indictment to 5 yrs
                 probation w/ special conditions including home detention w/
                 electronic monitoring for no more than 180 days and 100 hrs
                 of community service and deft pay fee, special assessment
                 $100 and fine $1000.00, no restitution,  Signed by Judge
                 Boyle OB Ref: cps dist (mm) [Entry date 03/30/05]

4/4/05    29     ORDER as to David Christopher Lebrun, Court finds that the
                 guideline sentence for deft. is not in the interest of
                 justice given the facts of the case and deft's employment
                 history - the Court entered a non-guideline sentence (
                 Signed by Judge Boyle  OB Ref: Cys. dist.) (jm)
                 [Entry date 04/05/05]

7/14/05   30     Probation transferred out as to David Christopher Lebrun .
                 Transmitted  to District of Massachusetts Transfer of
                 form, with certified copies of indictment, judgment and
                 docket sheet. (mm) [Entry date 07/14/05]